RENDERED: APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1615-MR

JEWELL HALL                                                                APPELLANT

v.          APPEAL FROM MCCRACKEN CIRCUIT COURT
            HONORABLE TIMOTHY KALTENBACH, JUDGE
            ACTION NO. 19-CR-00563

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

CALDWELL, JUDGE: Appellant Jewell Hall appeals the trial court's order denying his motion to suppress evidence found in his vehicle following an encounter with police. Having reviewed the record and the briefs of the parties, we affirm the trial court.

## FACTS

On May 10, 2019, Paducah Police Department Officer Justin Canup ("Canup") was on patrol. At approximately 6:00 a.m., Canup was dispatched to respond to a report of a black SUV being stationary in the middle of a street with the lights on and the engine running. According to a citizen report, the SUV was impeding traffic flow and had been idling there for at least two hours.

When Canup arrived on the scene, he parked behind a work van which had parked behind the black SUV, ostensibly because the van could not proceed down the street due to the SUV blocking the road. Canup, without activating his emergency lights, parked his cruiser behind the van and got out. He walked around the rear of the work van and as he did so, the brake lights on the SUV engaged and the SUV pulled away. The SUV had tinted windows, so Canup had been unable to determine if anyone was inside prior to it pulling away.

Canup got back in his cruiser and followed the SUV. The SUV pulled into the parking lot of a nearby apartment complex and Canup pulled up behind the SUV with his lights now engaged. The Appellant, Jewell Hall ("Hall"), alit from the driver's side of the vehicle with his hands above his head. He followed Canup's instructions to walk backwards towards Canup, with his arms raised. Hall complied when he was instructed to lift his t-shirt from his waist so Canup could ensure he had no weapon tucked in his waistband. When backup arrived, Hall was

-2-

handcuffed and officers approached the SUV to ensure no one else was inside. They then determined that Hall had been alone in the vehicle.

Canup spoke with Hall. Hall admitted that he had been drinking the evening before and fell asleep, leaving the vehicle running in the street while waiting for a friend. Canup then conducted field sobriety tests and determined Hall was impaired. Hall was handcuffed and placed under arrest. The officers then searched the SUV and a handgun was found by police in the center console. Hall was charged with operating a motor vehicle while under the influence of alcohol or drugs, first offense, and possession of a handgun by a convicted felon.

Hall filed a motion to suppress, arguing that the stop of his vehicle and the search of his person were improper.[1] Following a suppression hearing, his motion was denied. The trial court found that Hall was challenging only the stop of the vehicle and the seizure of his person and that the stop was supported by reasonable suspicion that Hall was engaged in criminal activity, to wit, the failure to have a license plate on the vehicle.[2] The court also cited the fact the SUV was impeding traffic and was reported to have been doing so for a couple of hours, as well as Hall's act of pulling away as Canup was approaching the vehicle.

---

[1] The motion to suppress filed in McCracken Circuit Court summarily alleges that "reasonable suspicion to detain him did not exist" and "probable cause to search and arrest *him* did not exist." The motion does not allege that the search of the vehicle was illegal.

[2] Canup could not see the temporary tag in the rear window at the time he was approaching the vehicle when it was stopped in the middle of the road because of the tinted windows.

The charge of operating a motor while under the influence was later dismissed. Hall was tried by a jury on the remaining handgun charge and was found guilty and was sentenced to a term of imprisonment of seven (7) years. He now appeals, arguing that the trial court wrongfully denied his motion to dismiss.

**STANDARD OF REVIEW**

On appellate review of a trial court's ruling on a motion to suppress evidence, the reviewing court will not disturb the trial court's findings of fact unless found to be clearly erroneous and will review the application of the law to those factual findings *de novo*. "When reviewing a trial court's denial of a motion to suppress, we utilize a clear error standard of review for factual findings and a *de novo* standard of review for conclusions of law." *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky. 2006) (citing *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky. 2004)).

**ANALYSIS**

On appeal, Hall continues the challenge only to the stop of his vehicle, arguing that it was improper. Hall argues that as the officer did not activate his emergency equipment at first approach when he was parked in the middle of the street with his engine running, he did nothing wrong in pulling away. Therefore, he argues, his act of pulling away as the officer approached on foot could not be the basis for the officer following him and activating his lights to effectuate an

actual stop of his vehicle after he pulled away. Hall further argues that the fact the vehicle he was driving did not have a license plate in the frame, but rather had a temporary tag in the back window of the vehicle, which was difficult for the officer to see as the window was tinted, was not a legitimate reason for an encounter with a citizen. We disagree.

First, we hold that when Canup first approached Hall's vehicle when it was parked on the street, he did not "stop" the vehicle. As the parties point out, "[p]olice officers are free to approach anyone in public areas for any reason." *Commonwealth v. Banks*, 68 S.W.3d 347, 349-50 (Ky. 2001). As the vehicle was already parked when Canup attempted to approach it before it pulled away, such was not a "stop."[3]

As he walked towards the vehicle, Canup did not see a license plate on the SUV and the vehicle suddenly drove off as he was walking towards it, so

---

[3] A police officer may approach a person, identify himself as a police officer and ask a few questions without implicating the Fourth Amendment. A "seizure" occurs when the police detain an individual under circumstances where a reasonable person would feel that he or she is not at liberty to leave. Where a seizure has occurred, "if police have a reasonable suspicion grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony," then they may make a *Terry* [*v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968)] stop to investigate that suspicion. Evaluation of the legitimacy of an investigative stop involves a two-part analysis. First, whether there is a proper basis for the stop based on the police officer's awareness of specific and articulable facts giving rise to reasonable suspicion. Second, whether the degree of intrusion was reasonably related in scope to the justification for the stop.

*Baltimore v. Commonwealth*, 119 S.W.3d 532, 537-38 (Ky. App. 2003) (citations omitted).

Canup returned to his cruiser and then activated his emergency equipment. We hold these facts, coupled with the report that the vehicle had been situated blocking the street for quite a while, formed a reasonable suspicion to support Canup following the vehicle with lights engaged and then stopping the vehicle.[4] After activating his lights and following the SUV, Canup only then effectuated a stop of the vehicle. Only then did he note that there was a temporary tag in the rear window.

We are not holding that Canup did not have sufficient reasonable suspicion to effectuate a stop on the idling car, as those facts are not before us. Rather we are holding that when Canup *did* effectuate a stop, he had reasonable suspicion[5] to do so based upon the factual findings of the trial court, which we find were supported by substantial evidence.[6]

---

[4] "One general interest is of course that of effective crime prevention and detection; it is this interest which underlies the recognition that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry*, 392 U.S. at 22, 88 S. Ct. at 1880.

[5] "Based on the officer's testimony, we find that substantial evidence supports the trial court's findings." *Williams v. Commonwealth*, 364 S.W.3d 65, 68 (Ky. 2011). Canup's testimony at the suppression hearing was not contested by Hall and formed a solid basis for the trial court's findings.

[6] A "seizure" for Fourth Amendment purposes occurs only when an individual is detained under circumstances that would induce a reasonable person to believe that he or she is not at liberty to leave. *Fletcher v. Commonwealth*, 182 S.W.3d 556, 559 (Ky. App. 2005) (citing *Terry*, 392 U.S. 1, 88 S. Ct. 1868).

Canup was responding to the report of a car idling for a couple of hours while parked, blocking a city street. During the initial response he observed that there was no license plate in the rear frame. When added to the citizen pulling away as the officer approached the vehicle on foot, while not rising to the level of the criminal offense of fleeing or evading police,[7] is sufficient to form reasonable suspicion to effectuate a stop. The trial court's findings were not clearly erroneous, and its order is affirmed.

## CONCLUSION

The trial court properly overruled Hall's motion to suppress. The trial court properly applied the law to its factual findings, following a suppression hearing. The factual findings were not clearly erroneous, and the denial of suppression was proper. We affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky

---

[7] KRS 520.095 – fleeing or evading police in the first degree; KRS 520.100 – fleeing or evading police in the second degree.